```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

-------------------------------- x
PINDA TECHNOLOGY CO. LTD.,       :
                                 :
          Plaintiff,             :
                                 :
v.                               :     Civil No. 3:25-cv-258(AWT)
                                 :
GREENWICH METALS, INC.,          :
                                 :
                                 :
          Defendant.             :
-------------------------------- x
```

## ORDER RE MOTION TO SEAL

Plaintiff's counsel's Motion to Seal Certificate of Good Standing (ECF No. 26) is hereby DENIED without prejudice. Under District of Connecticut Local Rule 5(e)(3), "[a]ny . . . order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." Accord In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987) ("[D]ocuments may be sealed if 'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" (citation omitted)). Parties' filings in support of motions constitute judicial documents. See United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) (to be a "judicial document", an "item filed must be relevant to the performance of the judicial function and useful in the judicial process").

1

The motion to seal states that the certificates of good standing represent "administrative requirements for counsel's admission", "are not related to the merits of the litigation", and "contain personally identifiable information that is not ordinarily subject to public disclosure." Pl.'s Mot. for Leave to File Certificates of Good Standing under Seal (ECF No. 26) ("Motion to Seal") at 1. However, "[t]he district court bears the responsibility for the supervision of the members of its bar". Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975). It has a "continuing obligation to supervise the members of its Bar". Dunton v. County of Suffolk, 729 F.2d 903, 909 (2d Cir. 1984). In addition, the movants do not specify which aspects of their certificates of good standing constitute "personally identifiable information that is not ordinarily subject to disclosure." Motion to Seal at 1. Nor do they explain what compelling interests would be disserved if the certificates are not filed under seal. Such specification and explanation would be minimally necessary to overcome the public's "presumptive right of access" to such civil filings. E. Point Sys., Inc. v. Maxim, No. 3:13-CV-00215 (VLB), 2014 WL 2480456, at *1 (D. Conn. June 3, 2014). The court notes that attorneys' certificates of good standing are routinely filed without being sealed in cases in the district, and the information in the certificates appears to be publicly available on the docket and/or the online

directories of the jurisdictions in which the movants are barred. See, e.g., Attorney Online Services - Search, N.Y. State Unified Ct. Sys., https://iapps.courts.state.ny.us/attorneyservices/search?4 (providing, in response to queries based on attorneys' names, attorney registration numbers, the city in which they work, their oath date, and their registration statuses). See also, e.g., Virgil v. Finn, No. 22-CIV-3169 (CS)(JCM), 2025 WL 694450, at *6 (S.D.N.Y. Mar. 3, 2025) ("Courts 'routinely deny sealing requests where, as here, the information to be sealed is already publicly available.'" (citation omitted)).

    It is so ordered.

    Signed this 7th day of May 2025, at Hartford, Connecticut.

                                    /s/   AWT
                                Alvin W. Thompson
                     United States District Judge