**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------ X
PINDA TECHNOLOGY CO. LTD.,        :
                                  :
          Plaintiff,              :
                                  :
v.                                :
                                  :
GREENWICH METALS, INC.,           :
                                  :
          Defendant.              :
                                  :
------------------------------ X   Civil No. 3:25-cv-258 (AWT)
GREENWICH METALS, INC.,           :
                                  :
          Counterclaim            :
          Plaintiff,              :
                                  :
v.                                :
                                  :
PINDA TECHNOLOGY CO. LTD.,        :
                                  :
          Counterclaim            :
          Defendant,              :
                                  :
------------------------------ X
```

**RULING ON COUNTERCLAIM DEFENDANT'S**
**<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Counterclaim plaintiff Greenwich Metals, Inc. ("Greenwich Metals") brings a counterclaim against Pinda Technology Co. LTD. ("Pinda"). The counterclaim was filed in response to a six-count Complaint brought by Pinda against Greenwich Metals. Both the Complaint and the counterclaim arise from alleged breaches of contracts for the purchase and delivery of Taiwanese magnesium alloy metal. Count One of the counterclaim is a claim that Pinda

-1-

breached multiple contracts when it failed to timely deliver the
magnesium alloy it sold to Greenwich Metals. Count Two of the
counterclaim is a claim, in the alternative, for unjust
enrichment. Pinda has moved for judgment on the pleadings on
both counts of the counterclaim, arguing that both counts fail
to state a claim upon which relief can be granted.

For the reasons set forth below, counterclaim defendant
Pinda's motion is being denied.

## I. FACTUAL ALLEGATIONS

Counterclaim plaintiff Greenwich Metals is a corporation
with its principal place of business in Greenwich, Connecticut.
Answer with Affirmative Defenses and Counterclaim[] of Defendant
Greenwich Metals, Inc. to Complaint of Pinda Technology Co. LTD.
(ECF No. 25) ("Answer" or "Counterclaim") ¶ 1. Counterclaim
defendant Pinda is a business entity with a principal place of
business in Taoyuan, Taiwan. Id. ¶ 2.

Greenwich Metals and Pinda entered into three "written
agreement[s] . . . pursuant to which Greenwich agreed to buy
from Pinda and Pinda agreed to sell to Greenwich . . .
quantit[ies] of Magensium Alloy Ingot (referred to herein as the
'Metals') . . . ." Id. ¶ 5. Contract Number P_USRMG_CT00498
("Contract 498") was entered into on or about April 13, 2022.
Contract Number P_USRMG_CT00509 ("Contract 509") was entered
into on or about May 4, 2022. Contract Number P_USRMG_CT00521

("Contract 521") was entered into on about May 12, 2022.

Each contract specified that "delivery of the contracted for quantity of the Metals was to be made at Baltimore, Maryland by no later than early June 2022, with time being of the essence as required pursuant to Greenwich's Standard Terms and Conditions of Purchase." Id. ¶ 6, 9, 12. See ECF No. 25-2 at 8-10 (copy of Greenwich's Standard Terms and Conditions of Purchase). The Standard Terms and Conditions of Purchase state that "Seller shall be liable for damages based on cover and consequential damages . . . for any failure to, or delay in, delivery." ECF No. 25-2 at 9. The Standard Terms and Conditions of Purchase "were incorporated into every transaction between Greenwich and [Pinda] at all times relevant to this action by course of dealing[.]" Answer ¶ 10.

"At the time of each of these three agreements being reached between Pinda and Greenwich, Pinda was on notice that Greenwich required timely delivery of the Metals described in each agreement because Greenwich had agreements with third parties to supply them with the Metals within specified time limits." Counterclaim ¶ 14.

Each contract also specified that "delivery was to be done in . . . FCL's (Full Container Load) and payment by Greenwich was to be done CAD (Cash against Documents), thereby requiring Greenwich to pay for the shipment of Metals before it received

-3-

the shipment." Id. ¶ 7. See also id. ¶ 10, 13 (specifying same terms, but with different quantities, for Contracts 509 and 521).

"Though Greenwich paid Pinda in full for each shipment of Metals in advance of the shipment being made by Pinda, Pinda did not ship any Metals pursuant to [Contract 498] until July 29, 2022 and then only a partial shipment of the Metals ordered in said Purchase Contract." Id. ¶ 15. "[F]urther partial shipments of Metals pursuant to [Contract 498] did not occur until: (i) August 14, 2022; and (ii) August 28, 2022." Id. ¶ 16. "Similarly, Pinda did not ship any Metals pursuant to [Contract 509] until August 28, 2022 and further did not ship any Metals pursuant to [Contract 521] until September 10, 2022." Id. ¶ 17. "Pinda was seasonably notified of its breach of [Contracts 498, 509, and 521] with Greenwich." Id. ¶ 8.

"Pinda's material breaches of the foregoing agreements have damaged Greenwich in that: it has suffered: (i) financial losses due to the financial strain on its business (e.g., the costs of storage and insurance relative to the quantity of the Metals; (ii) reputational damage when it was seen as not being able to supply customers in a timely manner; and (iii) operational inefficiencies due to having too much of the Metals stored in a warehouse or other storage facility." Id. ¶ 22. The "delays caused Greenwich to incur significant damages including

inability to provide product to its customers in sufficient quantities and at times required by such customers[.]" <u>Id.</u> ¶ 18.

## II. LEGAL STANDARD

Although Pinda calls its motion a motion to dismiss, the motion is properly characterized as a motion for judgment on the pleadings. This is "[b]ecause an Answer has been filed, [so] the proper filing would have been a motion for judgment on the pleadings . . . ." <u>Ashley v. Gonzalez</u>, 2020 WL 7027501, at *2 (S.D.N.Y. Nov. 30, 2020). <u>See</u> Fed R. Civ. P. 12(c). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." <u>Lively v. WAFRA Inv. Advisory Grp., Inc.</u>, 6 F.4th 293, 301 (2d Cir. 2021) (internal quotation marks omitted).

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). <u>See</u> <u>also</u> <u>Vega v. Hempstead Union Free Sch. Dist.</u>, 801 F.3d 72, 86 (2d Cir. 2015) ("[T]he court must assume the factual allegations in the complaint to be true, 'even if [they are] doubtful in fact'. . . ." (citation omitted)). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "On a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

"Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal quotation marks omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 547. "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are "merely consistent with" a

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

The court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993). "[W]here a question of fact is in dispute, it is improper for the district court to answer it on a motion for dismissal on the pleadings." <u>Lively</u>, 6 F.4th at 301 (internal quotation marks omitted) (cleaned up).

## III. DISCUSSION

### A. <u>Counterclaim Count One: Breach of Contract</u>

Pinda makes two arguments in support of its contention that Greenwich Metals has failed to state a claim for breach of contract. First, "PINDA contends there is no breach of [Contracts 498, 509, and 521]" because "[a]ny alleged delay [in Pinda's performance], without more, does not establish a 'material' breach." Memorandum of Law in Support of Plaintiff's Motion to Dismiss Defendant's Counterclaims (ECF No. 40-1) ("Pinda Mem.") at 5 (citation omitted). Second, Pinda argues that Greenwich Metals "failed to plausibly allege damages of $4,194,743.04" because the counterclaim fails to allege

compensatory, incidental, and consequential damages.[1] Id. Both
arguments are unavailing.

### 1. **Material Breach**

"The elements of a breach of contract claim are the
formation of an agreement, performance by one party, breach of
the agreement by the other party, and damages." Meyers v.
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 311 Conn.
282, 291 (2014).

"Whether a breach is material depends on the circumstances
of the case." Weiss v. Smulders, 313 Conn. 227, 264 (2014). See
also Bernstein v. Nemeyer, 213 Conn. 665, 672 n.8 (1990)
(identifying circumstances the Restatement (Second) of Contracts
§ 241 (1981) states are relevant "[i]n determining whether a
failure to render or to offer performance is material"). "Even
if not material, the failure may be a breach and give rise to a
claim for damages for partial breach." Restatement (Second) of
Contracts § 241 cmt. a (1981).

Accepting as true all non-conclusory factual allegations in
the Counterclaim and drawing all inferences in a light most
favorable to Greenwich Metals, it has alleged breaches of the

---

[1] Pinda also argues that the counterclaims should be severed from this case.
See ECF No. 40-1 at 9. However, the "essential facts of the [Counterclaim]
are so logically connected [to the Complaint] that considerations of judicial
economy and fairness dictate that all the issues be resolved in one lawsuit."
United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979) (internal
quotation marks omitted). Therefore, the Counterclaim and the Complaint
should proceed as one lawsuit.

three contracts based on the fact that Pinda failed to timely deliver the Metals. "'When it is said that time is of the essence, the proper meaning of the phrase is that the performance by one party at the time specified in the contract or within the period specified in the contract is essential in order to enable him to require performance from the other party. . . . Its commonly understood meaning is that insofar as a time for performance is specified in the contract, failure to comply with the time requirement will be considered to be a material breach of the agreement.'" <u>Town of New Milford v. Standard Demolition Servs., Inc.</u>, 212 Conn. App. 30, 85 n.23 (2022) (quoting <u>Blackwell v. Mahmood</u>, 120 Conn. App. 690, 699 n.4 (2010)). Here, Greenwich Metals alleges that the contracts required delivery by no later than early-June 2022,[2] with time being of the essence as required pursuant to the Standard Terms and Conditions of Purchase which were incorporated into each contract.[3] <u>See</u> Counterclaim ¶ 6, 9, 12; Answer ¶ 10. However,

---

[2] Pinda asserts it "never agreed to deliver the metals purchased by [Greenwich Metals] by no later than early June 2022 in the contract." Reply to Counterclaims (ECF No. 28) ("Counterclaim Answer") ¶ 6, 9, 12. The parties agree that each of the three contracts contained the term "Shipment Quota: May to early-June, 2022 ex Taiwan", but Pinda asserts that this term was "the price term for the shipping cost, not the delivery term . . . ." <u>Id.</u> But this is a factual question that is in dispute and therefore not to be answered in a ruling on the instant motion. <u>See</u> <u>Lively</u>, 6 F.4th at 301 ("Thus, where a question [of fact] is in dispute, it [is] improper for the district court to answer it on a motion for dismissal on the pleadings." (internal quotation marks omitted)).

[3] Pinda asserts that Greenwich Metals "did not provide a copy of the 'Standard Terms and Conditions of Purchase' . . . with [any of the three contracts] at the[ir] execution . . . ." Counterclaim Answer ¶ 6, 9, 12. Again, this is a

Pinda did not ship any metals pursuant to Contract 498 until
July 29, 2022; any metals pursuant to Contract 509 until August
28, 2022; and any metals pursuant to Contract 521 until
September 10, 2022. See Counterclaim ¶ 15-17. Therefore,
Greenwich Metals has properly alleged that there was a material
breach.

> ## 2. **Damages**

Under Connecticut law:

> The general rule in breach of contract cases is that the
> award of damages is designed to place the injured party, so
> far as can be done by money, in the same position as that
> which he would have been in had the contract been
> performed. . . . It has traditionally been held that a
> party may recover general contract damages for any loss
> that may fairly and reasonably be considered [as] arising
> naturally, i.e., according to the usual course of things,
> from such breach of contract itself. . . . This court has
> consistently applied the general damage formula in Hadley
> v. Baxendale, 156 Eng.Rep. 145 (1854) to the recovery of
> lost profits for breach of contract, and it is our rule
> that [u]nless they are too speculative and remote,
> prospective profits are allowable as an element of damage
> whenever their loss arises directly from and as a natural
> consequence of the breach.

Torosyan v. Boehringer Ingelheim Pharms., Inc., 234 Conn. 1, 32
(1995) (internal quotation marks and citations omitted).

The Restatement (Second) of Contracts states:

> Under [the] Uniform Commercial Code §§ 2-607(2) and 2-714,
> for example, the buyer's acceptance and retention of the
> goods does not preclude him from recovering damages for any
> non-conformity of tender. Not only may a party excuse
> entirely the non-occurrence of a condition of his duty, but

---

factual question that is in dispute and therefore not to be answered in a
ruling on the instant motion. See Lively, 6 F.4th at 301.

he may excuse a delay in its occurrence. . . . He may then
claim damages for partial breach because of the delay.

Restatement (Second) of Contracts § 246 cmt. b.

Pinda contends that Greenwich Metals has not alleged
compensatory damages because "there [was] no breach of
[Contracts 498, 509, and 521] . . . ." Pinda Mem. at 5. But, as
discussed above, Count One alleges that Pinda breached the
contracts when it failed to meet the early-June delivery
deadline specified by the contracts, which stated that time was
of the essence. Because "[e]very breach gives rise to a claim
for damages, and may give rise to other remedies[,]" Greenwich
Metals has properly alleged compensatory damages. Restatement
(Second) of Contracts § 236 cmt. a (1981)

Pinda contends that Greenwich Metals has not alleged
incidental damages because Greenwich Metals "never rejected or
revoked acceptance of the purchased goods under [Contracts 498,
509, and 521] . . . ." Pinda Mem. at 6. However, Conn. Gen.
Stat. § 42a-2-715(1), which governs incidental damages, does not
require rejection or revocation in order for a buyer to recover
incidental damages. The commentary to the statute states that
incidental damages are "intended to provide reimbursement for
the buyer who incurs reasonable expenses in connection with the
handling of . . . goods whose acceptance <u>may</u> be justifiably
revoked[.]" <u>See</u> Conn. Gen. Stat. Ann. § 42a-2-715 cmt. 1

(emphasis added). Because § 42a-2-715(1) contemplates incidental damages with respect to goods whose acceptance <u>may</u> be justifiably revoked, even if the buyer chooses not to do so, Greenwich Metals need not have rejected or revoked acceptance of the Metals in order to state a claim for incidental damages. <u>See</u>, <u>e.g.</u>, <u>Fitzsimmons v. Fleet Truck Sales, Inc.</u>, 2010 WL 5030117, at *8 (Conn. Super. Ct. Nov. 10, 2010) (allowing claim for incidental damages to proceed where buyer did not reject delivered goods). <u>See also</u> Restatement (Second) of Contracts § 246 cmt. b (1981) ("[T]he buyer's acceptance and retention of the goods does not preclude him from recovering damages for any non-conformity of tender."). Therefore, Greenwich Metals has properly alleged incidental damages.

Pinda contends that Greenwich Metals has not alleged consequential damages. Pinda makes three arguments. First, Pinda argues that the Standard Terms and Conditions of Purchase, which specify that the "Seller" would be liable for consequential damages, "were never transmitted to PINDA before execution of the three contracts." Pinda Mem. at 7. However, Greenwich alleges that the Standard Terms and Conditions of Purchase "were incorporated into every transaction between Greenwich and [Pinda] . . . ." Answer ¶ 10. Thus, Pinda again presents a factual question that is in dispute and therefore not to be answered in a ruling on the instant motion. <u>See</u> <u>Lively</u>, 6 F.4th

at 301.

Second, Pinda argues that Greenwich Metals "fail[s] to establish that [consequential] damages were actually and immediately caused by the Seller's breach, and the particular damages were fairly within the contemplation of the parties at the time the contract was made, and that the alleged loss is capable of proof with reasonable certainty." Pinda Mem. at 7-8. Pinda contends that the contracts "do not designate an exact deadline when the purchased metals shall be delivered"; "the alleged delay of the delivery was caused by global shipping/container deficiency"; the "[p]rice drop in the magnesium market was not foreseeable by the Seller at the execution of the contracts"; and Pinda "did not know/or should not have known that its potential liability/risks for Buyer's loss of profits from third-party transactions in case of delay are far beyond the price of the goods sold at execution of the contracts." Id. at 7. However, Greenwich Metals alleges that "Pinda was on notice that Greenwich required timely delivery of the Metals described in each agreement because Greenwich had agreements with third parties to supply them with Metals within specified time limits." Counterclaim ¶ 14. Again, Pinda presents a factual question that is in dispute and therefore not to be answered in a ruling on the instant motion. See Lively, 6 F.4th at 301.

-13-

Third, Pinda argues that Greenwich Metals failed to comply with Conn. Gen. Stat. § 42a-2-607(3)(a), which provides that a buyer must, within a reasonable time, "notify the seller of breach or be barred from any remedy[.]" However, Greenwich Metals alleges that "Pinda was seasonably notified of its breach[es] of [the Contracts]." Counterclaim ¶ 18. Again, Pinda presents a factual question that is in dispute and therefore not to be answered in  a ruling on the instant motion. See Lively, 6 F.4th at 301.

Therefore, Count One properly alleges compensatory, incidental, and consequential damages caused by Pinda's breaches of the contracts.

### B. Counterclaim Count Two: Unjust Enrichment

Pinda makes two arguments in support of its motion for judgment on the pleadings on Greenwich Metals's unjust enrichment counterclaim. First, Pinda argues that the "unjust enrichment claim is duplicative of [the] breach of contract claim and shall be barred as a matter of law." Pinda Mem. at 8. Second, Pinda contends that Greenwich Metals "did not benefit from the damages/loss, if any, of the Seller[.]" Id. at 9. Both arguments are unavailing.

"Unjust enrichment is a common-law doctrine that provides restitution, or the payment of money, when justice so requires." Piccolo v. Am. Auto Sales, LLC, 195 Conn. App. 486, 494 (2020)

(internal quotation marks omitted). "Recovery is proper if the defendant was benefitted, the defendant did not pay for the benefit and the failure of payment operated to the detriment of the plaintiff." Id. (internal quotation marks omitted).

As to Pinda's argument that the unjust enrichment and breach of contract counterclaims are duplicative, "[p]arties routinely plead alternative counts alleging breach of contract and unjust enrichment[.]" Piccolo v. Am. Auto Sales, LLC, 195 Conn. App. 486, 492 (2020). Thus, Greenwich Metals is allowed to plead unjust enrichment in the alternative.

As to Pinda's contention that it did not benefit from the alleged damage or loss, Greenwich Metals alleges that "[Pinda] has been unjustly enriched by retaining full payment while not properly and timely delivering the Metals[.]" Counterclaim ¶ 30. So again, Pinda presents a factual question that is in dispute and therefore not to be answered in a ruling on the instant motion. See Lively, 6 F.4th at 301.

**IV. CONCLUSION**

For the reasons set forth above, Pinda's motion for

judgment on the pleadings (ECF No. 40) is hereby DENIED.

It is so ordered.

Dated this 9th day of March 2026, at Hartford, Connecticut.


                              /s/AWT
                        Alvin W. Thompson
                   United States District Judge